IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTEN RUSSELL, | ) | Case No. 1:16cv2097 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| MARGARET BRADSHAW, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

**I.      Introduction**

Justen Russell was sent to prison for an agreed 15 year term of incarceration after pleading guilty to aggravated vehicular homicide and felonious assault. He now petitions the court for a writ of habeas corpus claiming he was unconstitutionally denied the opportunity to appeal. Respondent Warden Eppinger[1] moves to dismiss on the ground that Russell's petition is time barred. Russell disagrees, explaining that he is entitled to a later statute of limitations expiration date under the statute or, in the alternative, to the application of a tolling provision. He bases his argument on the fact that his Fifth, Sixth and Fourteenth Amendment rights were violated when he was not informed of his appellate rights by the trial court and his trial counsel. Because I find that neither statutory nor equitable tolling is applicable and nothing required the

---

[1] Respondent informed the court that Russel was transferred to Grafton Correctional Institution on September 27, 2016. Thus, the actual respondent is Warden LaShann Eppinger.

application of a later statute of limitations commencement date, I recommend that the court **GRANT** respondent's motion to dismiss.

## II. Factual Background

### A. State Conviction

On April 4, 2012, a Medina County grand jury indicted Russell on two counts of aggravated vehicular homicide in violation of Ohio Rev. Code § 2903.06(A)(1)(a) and 2903.06(A)(2)(a) (Counts 1 and 2). ECF Doc. No. 8, Ex. 1. By a May 17, 2012 supplement indictment, Russell was charged with one count of murder in violation of Ohio Rev. Code § 2903.02(B) (Count 3) and four counts of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(1) and 2903.11(A)(2)(Counts 4–7). Id. at Ex. 3. Russell pleaded not guilty all charges. Id. at Exs. 2 and 4.

Upon motions by both parties, the court dismissed one of the aggravated vehicular homicide charges (Count 1 of the indictment). Id. at Exs. 5, 6, 7. The State moved to dismiss the murder charge (Count 3) on the condition that Russell plead guilty to the amended indictment. Id. at Ex. 8, Page ID# 78. The court conditionally granted the State's motion. Id.

On September 10, 2012, Russell pleaded guilty to one count of aggravated vehicular homicide (Count 2) and four counts of felonious assault (Counts 4-7). Id. The parties jointly recommended an aggregate sentence of 15 years pursuant to a plea agreement and sentencing recommendation. Id., Plea Hearing Transcript, Page ID# 139, 142-143. After merging Counts 4 and 5 (felonious assault) with Count 2 (aggravated vehicular homicide), the court sentenced Russel to consecutive 5 year terms for each of Counts 2, 6, and 7, for an aggregate prison term of 15 years. Id. at Ex. 8. Russell was not informed of his appellate rights at the plea hearing nor

did he indicate any interest in appealing his conviction and sentence at the plea hearing. Id., Plea Hearing Transcript.

Russell did not file a timely appeal.

### B. Delayed Direct Appeal

On March 26, 2015 Russell filed a notice of appeal and a motion for leave to file a delayed appeal. Id., Exs. 11 and 12. Russell attributed his late filing to the court and his counsel's failure to notify him of his right to appeal. Id., Ex. 12, Page ID# 94. The State opposed the motion. Id., Ex. 13. On April 23, 2015, the Ohio Court of Appeals denied the motion for a delayed appeal, concluding that Russell had "failed to provide sufficient reasons to justify the two-year delay." Id., Ex. 15, Page ID# 105. The appellate court observed that the September 20, 2012, judgment indicated that the trial court advised Russell of his constitutional rights and Russell failed to submit a transcript demonstrating otherwise. Id.

On May 18, 2015, Russell, appealed to the Ohio Supreme Court, raising the following proposition of law in his memorandum in support of jurisdiction:

> 1. When a defendant is not informed by the trial court or counsel of his right to appeal, and both fail to ensure that a timely notice of appeal is filed, he is denied due process and equal protection of the law, in violation of the Fourteenth Amendment to the United States Constitution and the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

Id., Exs. 16 and 17. The State opposed jurisdiction. Id., Ex. 18. On August 26, 2015, the Ohio Supreme Court declined jurisdiction. Id., Ex. 19.

3

    **C.**    **Federal Habeas Corpus Petition**

On August 18, 2016, Russell filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] He alleges a single ground for relief:

> **GROUND ONE:** Petitioner was denied due process and equal protection of the law, in violation of the Fourteenth Amendment to the United States Constitution and the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when both the trial court and trial counsel failed to notify him of his right to appeal, and to ensure that a timely notice of appeal was filed.

ECF Doc. No. 1, Page ID# 5.

**III.**    **Law and Analysis**

Respondent moves to dismiss Russell's sole ground for relief, arguing that it is time-barred under applicable law. ECF Doc. No. 8, Page ID# 36-37. Respondent further asserts equitable tolling is not applicable to overcome the statute of limitations bar. Id. at 37-39.

    **A.**    **Russell Filed His Petition After the AEDPA Statute of Limitations Expired**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a prison must file an application for a writ of corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] Russell's habeas petition was docketed on August 19, 2016, and signed on August 18, 2016. See ECF Doc. No. 1, at Page ID# 10.

4

Thus, unless petitioner establishes an entitlement to tolling, the statute of limitations expires within one year of either (1) the date on which his conviction became final [§2244(d)(1)(A)], or (2) any of the dates described in §2244(d)(1)(B)-(D).

### 1. §2244(d)(1)(A) – Date on Which Conviction Finalized

Cases become final on direct review for purposes of §2244(d)(1)(A) when *certiorari* is denied or the time to file a *certiorari* petition expires. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007) (citing *Clay v. United States*, 537 U.S. 522, 527–28, n.3 (2003)). If *certiorari* is not sought, cases become final upon the dismissal of the state appeals or the expiration of the time for seeking state appeals of the conviction and sentence. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 459-60 (6th Cir. 2012) (*citing Gonzalez v. Thaler*, 132 S.Ct. 641 (2012) (judgment of conviction final at the expiration of time for pursuing direct review in the state court)). Here Russell's conviction become "final" for purposes of §2244(d)(1)(A) on October 22, 2012.[3] The AEDPA statute of limitations began running the following day, October 23, 2012. Unless another provision of §2244(d)(1) or tolling applies, the AEDPA statute of limitations expired on October 23, 2013.

### 2. §2244(d)(1)(B) – State Impediment

Having determined that the Section 2244(d)(1)(A) date would render Russell's petition untimely, the undersigned next considers the applicability of Section 2244(d)(1)(B). Section 2244(d)(1)(B) provides that the AEDPA statute of limitations does not begin to run until:

> [T]he date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

---

[3] Following his guilty plea, the trial court sentenced Russell to 15 years in prison on September 20, 2012. His time to appeal under state law expired 30 days later. Ohio App. R. 4(A).

5

Russell argues that his counsel's and the trial court's failure to advise him of his appellate rights and timely file a notice of appeal constituted a state-created impediment and entitled him to a later start to the running of the statute of limitations. ECF Doc. No. 9, Page ID# 173.

In *Winkfield v. Bagley,* 66 Fed.Appx. 578, 582-83 (6th Cir. 2003), an unpublished Sixth Circuit decision, the court found that ineffectiveness of appellate counsel could constitute a state-created impediment under § 2244(d)(1)(B) when a petitioner alleged facts showing that he was actually prevented from timely filing a habeas petition because of counsel's ineffectiveness. . In *Winkfield,* the court held that appellate counsel's ineffectiveness in failing to "advise his client the new trial motion had been denied and thus the time to appeal was running," and " actively misle[ading] him into believing the motion and his direct appeal were still pending" constituted state action pursuant to §2244(d)(1)(B). But the Sixth Circuit ultimately held that §2244(d)(1)(B) did not apply because Winkfield failed to demonstrate a "causal relationship between the unconstitutional state action and being prevented from filing the petition." *Id.* at 583.

Russell relies on *Waldron v. Jackson*, 348 F. Supp. 2d 877, 885–86 (N.D. Ohio 2004) to support his claim that he is entitled to a later start to the running of the statute of limitations under §2244(d)(1)(B). In *Waldron*, Judge Wells found that a counsel's ineffectiveness in failing to file a timely appeal constituted a state-created impediment to filing for purpose of §2244(d)(1)(B). In that case, petitioner had clearly expressed a desire to appeal and appellate counsel had been appointed; but counsel missed the appellate deadline by four days and never notified Waldron that his appeal had been dismissed. *Id.* at 884. The court found that a "causal relationship" existed between the ineffectiveness of appellate counsel and Waldron's ability to file his habeas petition. *Id.* Although acknowledging that its finding was "somewhat

6

inconsistent" with *Winkfield*, the court concluded that the statute of limitations period did not begin to run until Waldron's motion for delayed appeal was denied by the Ohio Supreme Court. *Id.*

Russell's case is more factually analogous to the Sixth Circuit's decision in *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) or this court's decision in *Baker v. Wilson*, No. 5:06 CV 1547, 2009 WL 313325, at *5 (N.D. Ohio Feb. 6, 2009, Gaughan, J.). In *Miller*, petitioner similarly alleged that the state court's failure to notify him of his appellate rights constituted a state-created impediment tolling the statute of limitations. . However, the Sixth Circuit held that the trial court's failure to inform Miller of his appellate rights did not constitute a state-created impediment. The court found that, "[a]lthough these alleged actions may have interfered with Miller's direct appeal in state court in the early 1990s, Miller has failed to explain how the actions prevented him from filing his federal habeas corpus petition until 2001." *Id.*

*Baker* also bears a striking factual similarity to this case. Similar to Russell, Baker pleaded guilty to various charges including aggravated vehicular homicide. . Baker later filed a motion for delayed appeal arguing that he had not been informed of his appellate rights. *Id.* The state appellate court denied that motion. *Id.* Similar to Russell, Baker argued that the untimeliness of his habeas petition should be excused because failure to inform him of his appellate rights and to appoint counsel for his appeal constituted a state-created impediment for purposes of §2244(d)(1)(B). *Id.* at *7. However, this court determined that petitioner was not entitled to calculation of the statute of limitations under §2244(d)(1)(B). In the report and recommendation that was adopted, the magistrate judge noted:

> In contrast to *Waldron,* Baker was not informed of his appellate rights. In a more factually similar case, the Sixth Circuit has held that a state court's failure to advise a petitioner of his appellate rights at sentencing was not a state-created impediment that prevented him from filing his federal habeas petition. *Miller v.*

7

*Cason,* 49 Fed. Appx. 495, 497 (6th Cir.2002) ("Although [failing to give notice of his appeal rights at sentencing and not timely appointing counsel to perfect a belated appeal] may have interfered with Miller's direct appeal in state court in the early 1990s, Miller has failed to explain how the action prevented him from filing his federal habeas corpus petition until 2001."). The Sixth Circuit is joined by several other courts in finding that the state-created impediment must prevent the petitioner from filing a federal habeas action, not just a direct appeal in state court. *See Smith v. Hudson,* No. 5:06cv2959, 2008 WL 2079386, *2 (N.D.Ohio May 15, 2008) ("Petitioner focuses on impediments that interfered with his ability to file a direct appeal in state court. None of these factors served to impede Petitioner's ability to file his federal petition in a timely manner ."); *Neff v. Brunsman,* No. 1:06cv135, 2007 WL 912122, ——7–8 (S.D.Ohio March 23, 2007) (no state-created impediment where appointed counsel informed petitioner of his right to appeal but did not tell him he only had thirty days to do so because petitioner "has not alleged any facts even remotely suggesting that his counsel or trial court improperly advised him that he had no federal remedies or engaged in any conduct that would have prevented petitioner from filing a timely habeas petition"); *Welches v. Lakeside Corr. Facility,* No. 3:08cv152, 2008 WL 4623055, *2 (N.D.Ind. Oct.16, 2008) (petitioner's allegation that he was not informed of his right to appeal his sentence is not a state action that prevented him from filing a federal habeas petition); *Pearce v. McNeil,* No. 4:08cv156, 2008 WL 4057760, *3 (N.D.Fla. Aug.22, 2008) ("It is inconceivable that lack of advice regarding a state court direct appeal would ever *prevent* the filing of a § 2254 habeas petition in *federal* court. There is a difference between not knowing about the existence of a claim, which frequently happens, and an actual impediment that prevents the claim from being filed.") (emphasis in original); *Stimel v. Dretke,* No. V–05–108, 2006 WL 2770025, *5 (S.D.Tex. Sept.22, 2006) (same).

*Id.* at *8.

As in the cases mentioned above, Russell has not shown how the failure to give notice of his appellate rights prevented him from filing his federal habeas petition. The undersigned finds *Miller* and *Baker* to be more factually analogous to the present case[4] than *Waldron*. As a result, I

---

[4] Notably, one of the ways that this case is different from Baker actually weighs even more strongly in favor of finding that §2244(d)(1)(B) does not apply. In *Baker,* petitioner alleged that his guilty plea was not entered knowingly because his counsel advised him that he would not receive jail time, but he was sentenced to10 years imprisonment. *Baker*, 2009 WL 313325 at *4. Here, Russell admits that he received the benefit of his bargain (i.e., the parties' recommended that he received a 15 year sentence and that is what Russell received). Doc. 8-2, Page ID# 140, 151. Russel

find §2244(d)(1)(B) inapplicable, consistent with *Winkfield*. Russell is not entitled to calculation of the statute of limitations under §2244(d)(1)(B).

### 3. §2244(d)(1)(C) – New Constitutional Right

Russell has not argued, nor is there evidenced to suggest, that the provisions of 28 U.S.C. §§2244(d)(1)(C) applies to establish a later commencement of the statute of limitations.

### 4. §2244(d)(1)(D) – Factual Predicate

§ 2244(d)(1)(D) provides that the one-year habeas period could commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In his petition, Russell argues that he is entitled to a later start date pursuant to §2244(d)(1)(D) because he was not informed of his appellate rights. ECF Doc. No. 1, Page ID# 10. Russell's sole claim is that the trial court and trial counsel failed to notify of him of his appellate rights. His delayed appeal was based on the same reasoning. ECF Doc. No. 8-1, Page ID# 89-98. Thus, Russell was aware of the factual predicate of his claim no later than the date he filed his delayed appeal – March 25, 2015. Id. at 89.

Thus, even if §2244(d)(1)(D) were applied, the AEDPA "clock" began running no later than March 25, 2015, and expired one year later on March 26, 2016. Russell filed his petition a little over four months after that, on August 18, 2016. Therefore, §2244(d)(1)(D) does not excuse the untimeliness of Russell's petition.

## B. Russell is Not Entitled to Tolling

### 1. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), Russell was entitled to toll the statute of limitations during the time "a properly filed application for State post-conviction or other collateral review…[was] pending…" However, "[t]he tolling provision does not…'revive' the limitations period (i.e.,

restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (*quoting Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)); *see Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Thus, Russell's March 2015 delayed appeal, filed over a year after the statute of limitations expired, neither re-started nor tolled the limitations period.

### 2. Equitable Tolling

The AEDPA's §2244(d)(1) statute of limitations can be equitably tolled, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (*quoting Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), cert. denied, 133 S. Ct. 187 (2012). *See also, Holland v. Florida*, 560 U.S. 631, 649 (2010) (the statute of limitations for habeas petitions is "subject to equitable tolling in appropriate cases."). Russell bears the burden of establishing that equitable tolling applies. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). The petitioner must point to extraordinary circumstance that prevented timely filing. Moreover, equitable tolling is granted "sparingly." *Hall*, 662 F.3d at 749 (*quoting Robertson*, 624 F.3d at 784).

Russell's argument that equitable tolling applies is not well taken. The Sixth Circuit has endorsed the two-part test established in *Holland v. Florida* as the "governing framework" to apply in determining the applicability of equitable tolling. *Hall,* 662 F.3d at 750 (*citing Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011), cert. denied, 132 S. Ct. 456 (2011)). Therefore, a habeas petitioner is entitled to equitable tolling only if he demonstrates that (1) "he has been diligent in pursuing his rights;" and (2) that "an extraordinary circumstance

10

caused his untimely filing." *Hall,* 662 F.3d at 750; *see also, Pace v.* DiGuglielmo*,* 544 U.S. 408, 418, 125 S. Ct. 1807, 1815, 161 L. Ed. 2d 669 (2005).  Russell has failed to establish an entitlement to equitable tolling.

First, Russell has not shown that he has been "diligent in pursuing his rights."  He waited until three years after his conviction to file his delayed appeal.  A petitioner who sits on their rights for three years has not shown reasonable diligence.  *Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 463 (6th Cir. 2012)(finding that a petitioner was not diligent where he waited almost three years to file a motion after the state court decision); *See also Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011)("While this Court has recognized that attorney assurances and the realities of incarceration may justifiably delay a petitioner's request for a case status update, ... this Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half.").  Even if Russell's argument that he didn't know he had a right to appeal is credited, he still waited nearly a year and a half after he became aware of his right to appeal (again, as noted above, not later than March 25, 2015, the date he applied for leave to pursue a delayed appeal) before filing the instant habeas petition in August 2016.

Second, Russell does not show any "extraordinary circumstance" that caused his untimely habeas filing.  Russell's ignorance of the law and lack of legal assistance do not amount to extraordinary circumstances.  *Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 464 (6th Cir. 2012) ("pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing."); *See also Farrow v. Anderson*, No. 1:08CV1429, 2009 WL 3004024, at *19 (N.D. Ohio Sept. 15, 2009) (finding that lack of knowledge and attorney ineffectiveness were not extraordinary circumstances to warrant equitable tolling).  Because Russell has failed to demonstrate that he has pursued his rights

11

diligently or that some extraordinary circumstance prevented his timely filing, he has failed to demonstrate that the statute of limitations should be equitably tolled in this instance.

This is not a case like *Thompson v. Wilson*, 523 F. Supp.2d 626 (N.D. Oh. 2007, Gaughan, J.). There, a habeas petitioner who pleaded guilty and was sentenced was never told of his right to appeal by the trial court or his defense counsel. This court did not decide a statute of limitations issue. Instead, the court ruled that no procedural default had resulted from the failure to pursue a direct state court appeal, because petitioner had shown a cause for his failure to appeal (lack of notice) and prejudice (the non-pursuit of the appeal). Unlike the instant case, Thompson filed his federal habeas petition within less than a year from the date he discovered the factual predicate for his claim. Thus, the matter was timely filed under 28 U.S.C. § 2244(d)(1)(D). *Thompson* provides Russell with no basis for equitable tolling or an avoidance of the statute of limitations.

Russell is a petitioner who entered into a plea agreement under which a murder charge was dismissed in exchange for his agreement to plead guilty to aggravated vehicular assault and felonious assault. By pleading under this agreement, Russell protected himself from the potential for a sentence of 15 years to life by agreeing to serve a "flat" 15 year sentence. He does not assert that he was actually innocent of the charges to which he entered guilty pleas. Instead, he claims he was unconstitutionally deprived of his right to appeal from the sentence he agreed to serve. He has not identified any equitable grounds for tolling the AEDPA statute of limitations.

Absent equitable tolling, his sole ground for relief is untimely under the AEDPA and should be denied and dismissed as time-barred. I recommend that the warden's motion to dismiss be granted.

### C. No certificate of appealability should be granted

When a petition is to be dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold.  In such cases, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 485, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)(emphasis added).  As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted."  *Id*. at 486.

If the Court accepts the foregoing recommendations, Russell cannot show that the Court's rulings on the statute of limitations issue is debatable.  Thus, the undersigned recommends that the Court should conclude that Russell is not entitled to a certificate of appealability in this case.

### IV. Recommendations

Russell's petition for a writ of habeas corpus was filed after the statute of limitations expired.  He has presented no grounds by which to overcome the effect of the statute of limitations.  I recommend that the court **GRANT** respondent's motion to dismiss and **DISMISS** the petition.  I further recommend that no certificate of appealability be issued.

Dated: June 23, 2017

Thomas M. Parker
United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).