**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Justen Russell, | CASE NO. 1:16 CV 2097 |
| Petitioner, | JUDGE PATRICIA A. GAUGHAN |
| vs. | |
| Margaret Bradshaw, Warden, | **Memorandum of Opinion and Order** |
| Respondent. | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Parker (Doc. 10) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed objections to the recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any

1

proposed finding or recommendation."

**Discussion**

Petitioner is incarcerated following his plea of guilty to aggravated vehicular homicide and felonious assault. The Magistrate Judge found the Petition, which raises one ground for relief, to be untimely. This Court agrees.

Under the AEDPA, petitioner had one year to file his Petition from the date his conviction became final by the conclusion of direct review, or the expiration of the time for seeking such review. Petitioner pleaded guilty on September 12, 2012, and agreed to his 15 year sentence. Petitioner was not informed of his appellate rights at sentencing, and he did not file a timely appeal. An attempt to file a delayed direct appeal was denied on April 23, 2015. The Ohio Supreme Court declined jurisdiction on August 26, 2015. The herein Petition was filed on August 18, 2016.

The Magistrate Judge agreed with respondent that the Petition is time-barred. This Court agrees. His conviction became final on October 22, 2012- one year after his September 20, 2012 sentence and his 30 day appeal time had expired. The statute of limitations began running on October 23, 2012 and expired on October 23, 2013 without petitioner filing a habeas petition. Despite petitioner's contentions, the trial court's failure to inform petitioner of his appellate rights did not constitute a state-created impediment to the filing of a timely petition thereby tolling the statute of limitations. *Miller v. Carson*, 49 Fed.Appx.495 (6th Cir. 2002, *Baker v. Wilson*, 2009 WL 313325 (N.D.Ohio Feb. 6, 2009)). Additionally, petitioner was aware of the factual predicate of his habeas claim (a constitutional violation based on the failure to be informed of his right to appeal) at least as of the date he filed his delayed appeal

2

(March 26, 2015) because the attempt to file the delayed appeal was based on the same failure to be informed of his appellate rights. This Petition was filed more than one year later. Finally, petitioner is not entitled to equitable tolling given that he has not shown he was diligent in pursuing his rights or any extraordinary circumstances. In fact, petitioner agreed to the 15 year sentence as part of his plea agreement.

Petitioner's objections are without merit especially given that his request to file a delayed appeal shows that he became aware of his appellate rights at least at that time and still did not file a habeas petition within one year.

For these reasons, the Court finds the Petition to be untimely.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is dismissed. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 8/24/17

3